BOYD, Justice.
The Court has for review Order No. 14420 of the Public Service Commission, granting a motor carrier certificate. We have jurisdiction. Art. V, § 3(b)(3), Fla.Const.; § 350.641, Fla.Stat. (1977).
Lindo’s Tours & Rent-a-Car U.S.A., Inc., sought and was granted authority to offer sightseeing carriage service and charter carriage service originating at points on state road 699 in Pinellas County. Petitioners, regular route common motor carriers, protested the application and now seek a writ of certiorari on the ground, among others, that the commission is without authority to grant the certificate.
Petitioners contend that the grant of charter carriage authority was beyond the commission’s statutory power, citing section 323.032(1), Florida Statutes (1977), which provides, in pertinent part, “In no event may the commission grant charter rights except in conjunction with the grant of regular route certificates to motor common carriers of passengers.”
The commission in its order acknowledged the possibility of a legal impediment when it noted that
the amended statute contains the general limitation that charter rights may be granted only “in conjunction with the grant of regular route certificates to motor common carriers of passengers.” § 323.032(1), F.S. Unless the Commission excludes “sightseeing carriers” from classification as “regular route, motor common carriers of passengers,” Lindo’s appears eligible for award of charter rights. In this regard, statutory changes require revision of Commission sightseeing rules (§§ 25-5.43 and 5.45, F.A.C.). The Commission staff should clarify “sightseeing” as well as “charter carriage” (discussed below) through rulemaking procedures authorized by §§ 120.54 and 323.07, F.S.
Thus the commission’s theory is that the grant of charter authority is permissible because it is in conjunction with an award of sightseeing carriage authority, and that the latter fulfills the statutory requirement *228 as a regular route certificate awarded to a motor common carrier of passengers.
Examination of the commission’s rules relating to sightseeing carriers reveals that it is not any statutory change, but rather the decision under review, that would require their revision.
Rule 25-5.43(1), Florida Administrative Code, defines “regular common carriers of passengers” as “all common carriers of passengers operating between fixed termini, over regular routes and on fixed schedules who are not . . . ‘limited common carriers of passengers’ as said terms are hereinafter defined.” Rule 25-5.43(3) defines “limited common carriers of passengers” as “all common carriers of passengers operating over irregular routes or not between fixed termini or not on fixed schedules, provided that said term shall include sightseeing carriers . . . .”
Rule 25-5.43(1) makes clear that the commission regards the two categories “regular common carriers of passengers” and “limited common carriers of passengers” as mutually exclusive. Rule 25-5.43(3) makes clear that sightseeing carriers fall into the latter category. Thus, a certificate authorizing sightseeing carriage is by definition not a “regular route certificate” as that term is used in section 323.032(1), Florida Statutes (1977).
The commission order, in its discussion of the applicability of the prohibitory language of section 323.032(1), Florida Statutes (1977), referred to it as a “general limitation” to be distinguished from the directly applicable statutory prohibition that was removed by chapter 77-434, Laws of Florida. Prior to amendment, section 323.-01(10), Florida Statutes (1975), provided in pertinent part:
Charter carriage, as defined herein, in the interest of safety on the highways and safety of the traveling public, shall be performed only by regular route common carriers of passengers as set forth in s. 323.14, whose motor vehicles meet the specifications of this part and are operated under the supervision and the rules and regulations of the commission.
Section 323.14(2), Florida Statutes (1975), which contains the limitation referred to by the above-quoted statute and which was repealed by chapter 77-434, provided, “In no event may the commission grant charter rights except in conjunction with the grant of regular route certificates to motor common carriers of passengers.”
The Commission has conceded in its order that these two statutory provisions, prior to their repeal by chapter 77-434, constituted a direct statutory prohibition against granting charter service authority in conjunction with a grant of nothing more than sightseeing carriage authority. But section 323.-032(1), Florida Statutes (1977), as it is written today, contains just as clear a prohibition.
The order under review purports to award a certificate authorizing charter service by a carrier not authorized to engage in regular route motor common carriage of passengers. It exceeds the commission’s statutory power and is hereby quashed.
It is so ordered.
ENGLAND, C. J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.